IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
MARCH SESSION, 1995

**FILED**

July 23, 1997

Cecil W. Crowson
Appellate Court Clerk

STATE OF TENNESSEE,    )
                         )
    Appellee         )    No. 01C01-9410-CC-00340
                         )
                         )    COFFEE COUNTY
vs.                    )
                         )    Hon. JOHN W. ROLLINS, Judge
ROSIE LEE WOOTEN,    )
                         )    (Voluntary Manslaughter)
    Appellant        )

## DISSENTING OPINION

I respectfully disagree. Upon *de novo* review, I would grant probation.

The facts of this case are unquestionably tragic. The appellant and the victim

co-habited for approximately twelve years. Their relationship was characterized

by excessive drinking and, on occasion, violence. The appellant contends that

she stabbed and killed the victim after he came home drunk, threatened to kill

her, and "choke[d] me until I could not breathe." However, assuming these facts

support the appellant's incarceration, the record also reflects that the appellant is

currently eighty-one years of age. As noted by the majority, she suffers from

primary degenerative dementia of the Alzheimer's type, senile onset with

depression, dementia associated with alcoholism, and alcohol abuse. Although

the appellant was found sane, psychological testing revealed significant mental

confusion and disorganization which are progressive in nature. The appellant is

totally dependent upon her daughter for primary care. Finally, she has no prior

criminal history. Accordingly, incarceration of the appellant would serve no

public purpose. Sentencing principles involving deterrence, the need to protect

society by restraining a defendant who has a long history of criminal conduct,

and rehabilitation simply have no relevance in this case. See Tenn. Code Ann. §

40-35-102(3)(A)-(C)(1990); Tenn. Code Ann. § 40-35-103(1) (1990). Indeed,

from the record, it is doubtful that the appellant, if confined to the Department of

Correction, would realize that she was, in fact, imprisoned.  Accordingly, based upon the extraordinary circumstances presented, I find probation to be appropriate.


_____
DAVID G. HAYES, Judge

2